**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIMOTHY MALCOLM TOJE, # 471257,

        Plaintiff,

v.

DEARBORN POLICE DEPARTMENT,

        Defendant.

Case Number: 10-CV-13359
Honorable Denise Page Hood

_____/

**OPINION AND ORDER DISMISSING COMPLAINT AND**
**CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I. INTRODUCTION**

Timothy Malcolm Toje ("Plaintiff"), a Michigan prisoner, who was paroled on

September 24, 2009, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  This Court has

granted Plaintiff's application to proceed without prepayment of the filing fee.  See 28 U.S.C. §

1915(a). Plaintiff was convicted, after a bench trial in the Wayne County circuit court, of one

count of criminal sexual conduct in the third degree (CSC III) and one count of criminal sexual

conduct in the fourth degree (CSC IV).  He was sentenced to two years to fifteen years in prison

for the CSC III conviction, and eleven months to two years in prison for the CSC IV conviction.

In his *pro se* complaint, Plaintiff alleges that the Dearborn Police Department failed to inform

him of his rights before questioning him, denied him his right to counsel, and subsequently used

his statement to obtain the convictions.  He seeks declaratory and injunctive relief.  For the

reasons

---

[1]Pursuant to the Michigan Department of Corrections website, Plaintiff's supervision
ends on September 24, 2011.

stated, the complaint is **DISMISSED WITHOUT PREJUDICE**.  The Court also concludes that

an appeal cannot be taken in good faith.

## II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua*

*sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that

the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. §

1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint

seeking redress against government entities, officers, and employees which it finds to be

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is

frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25,

31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived

of a right, privilege, or immunity secured by the federal Constitution or laws of the United

States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg*

*Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir.

1996).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite this liberal

pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28

U.S.C. §§ 1915(e) (2) and 1915A(b).

As noted, Plaintiff asserts that defendant Dearborn Police Department failed to inform him of his rights before questioning him, denied him his right to counsel, and subsequently used his statement to obtain the convictions. A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). However, even though Plaintiff states otherwise in his complaint, he is actually seeking habeas-corpus relief because his claims concern the validity of his continued confinement. Such claims are not properly brought in a § 1983 civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus); *Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff has not shown that his conviction has been reversed on appeal or otherwise declared invalid. His civil rights complaint is thus subject to dismissal.

When a prisoner's civil rights claim is barred by the *Heck* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin*, 343 F.Supp.2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *Diehl v. Nelson*, 198 F.3d 244 (6th Cir. Nov. 12, 1999) (citing to *Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir.1996)).

### III. CONCLUSION

For the reasons stated, the Court concludes that Plaintiff's civil rights complaint is **DISMISSED WITHOUT PREJUDICE**.

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 10, 2010


I hereby certify that a copy of the foregoing document was served upon Timothy Toje, Reg. No. 471257, Operation Get Down, 10100 Harper Rd., Detroit, MI 48213 on September 10, 2010, by electronic and/or ordinary mail.

s/William F. Lewis

4

Case Manager